STATE EX REL. SANDERS *v.* MARION CRIMINAL
COURT, FIFE, JUDGE.

[No. 30,440. Filed September 27, 1963.]

*Forrest Bowman, Jr.,* of Indianapolis, for relator.

*Eugene M. Fife, Jr., pro se.*

MYERS, C. J.—On the 11th day of June, 1963, the Grand Jury for the County of Marion, State of Indiana, returned an indictment against Walter William Sanders, relator herein, charging him with the crime of murder in the second degree.

On July 1, 1963, relator filed a verified petition for a writ of habeas corpus in the Marion Criminal Court, Division One. On the same day, the respondent denied the petition for writ of habeas corpus without hearing and refused to issue the writ. A motion to reconsider was filed by the relator on July 2, 1963, and denied the same day. Thereafter, on July 8, 1963, relator filed his verified petition for a writ of mandate, asking that the respondent issue a writ of habeas corpus to the Sheriff of Marion County, demanding him to have the

body of relator before respondent, or show cause why such writ should not be made permanent.

On July 8, 1963, this court issued an alternative writ of mandate against respondent, and set the date of July 29, 1963, for respondent to show cause why said writ should not be made permanent. Respondent filed a request for extension of time in order to file a return on the merits, which was granted to and including August 29, 1963. On that date, the duly elected, qualified and acting Judge, being Eugene M. Fife, Jr., respondent herein, filed a verified response in which he said that the relator appeared in the Marion Criminal Court, Division One, on the 19th and 20th days of August, 1963, for trial of the issues presented by the indictment with which he was charged; that the cause was the same cause forming the basis for relator's petition for a writ of mandate; that following trial and deliberation by the jury, a verdict was returned finding relator herein not guilty; that relator was ordered discharged, and that respondent has no further jurisdiction over him.

This cause having become moot, the alternative writ of mandate is hereby dissolved.

Achor, Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 633.